### 1868.   WEBB *v.* THE STATE.

HILL, C. J.   1. The plaintiff in error was convicted of the offense of adultery and fornication. He was a member of the church, and a committee composed of his fellow members was appointed to make an investigation of the accusation. On the trial of the accused a witness was allowed, over objection, to testify that he had heard two members of this church committee say "that from the investigation made by them they thought there was something in it." The testimony was not offered to show any contradictory statements. *Held*, that the testimony was wholly incompetent, inadmissible, and presumptively prejudicial. (*a*) It was hearsay. (*b*) As original testimony offered by the members of the committee, it would have been incompetent.

2. Good character is a substantive fact in defense, and may itself alone be sufficient to generate a reasonable doubt of guilt. When the evidence warrants it, trial courts may very properly state to the jury the weight that they would be authorized to give to proof of good character, but without an appropriate written request the failure to do so will not amount to reversible error.

23

3. While in doubtful cases proof of good character is entitled to much weight in rightly adjusting the "wavering balance" between guilt and innocence, yet a request to charge that "in doubtful cases the good reputation of the defendant will *compel* an acquittal" states the rule too strongly, and was properly rejected.

4. No error appears except that stated in the first headnote.

*Judgment reversed.*

Accusation of adultery and fornication, from city court of Tifton—Judge Eve. April 10, 1909.

Argued May 18,—Decided June 15, 1909.

*C. C. Hall, Hendricks & Christian,* for plaintiff in error.

*W. J. Wallace, solicitor,* contra.