## 54572. USHER v. THE STATE.

SMITH, Judge.

Usher appeals from convictions on two counts of making terroristic threats. He contends the trial court erred in instructing the jury, in overruling his motion for directed verdict of acquittal and his motion for new trial on the general grounds, and in sentencing him for a felony. We affirm.

Deborah, the victim in Count 1, testified that, during a week's time, she received numerous phone calls from a male who threatened to have violent sex with her and to kill her. The victim's mother and a friend of the victim testified that a male caller repeated to them like threats on Deborah's person and on her life. The victim in Count 2, Mrs. Smith, testified that, during approximately the same period of time when Deborah was receiving the threats, she also received numerous telephone calls from a man who threatened to force sex upon her in a violent manner and who said that he would "take care of" her husband if he tried to intercede. On the occasions when Mrs. Smith's husband answered the phone, the caller immediately hung up. Mrs. Smith further testified that, had the caller come to her house to carry out his threats, she "knew" she and her husband "would probably be killed."

The police traced these telephone calls to Usher's residence. After being arrested and advised of his rights, Usher admitted he had called a girl whose "first name was Debbie" and threatened "several times" to kill her. Usher also admitted that he had called another woman numerous time and "talked dirty to her, too."

Usher contends that, since he made his threats by telephone, he could be convicted only of the misdemeanor set out in Code § 26-2610 (e), which specifically covers

harrassing telephone calls. This contention is meritless, however, because the indictments charge Usher with two counts of violating Code § 26-1307 (a), which provides for felony punishment for anyone convicted of threatening "to commit any crime of violence . . . with purpose of terrorizing another. . ." The mere fact that it was communicated by telephone cannot reduce the felonious threat to a misdemeanor. The evidence sufficiently corroborated both victims' testimony and authorized both convictions. *Moss v. State,* 139 Ga. App. 136 (228 SE2d 30) (1976); *Hornsby v. State,* 139 Ga. App. 254 (2) (228 SE2d 152) (1976). Therefore, it was not error to deny the motion for directed verdict of acquittal or the motion for new trial on the general grounds. Likewise, the court did not err in charging on Code § 26-1307 or in sentencing him, as a felon, under that statute. Code § 26-1307 (c).

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

Submitted October 3, 1977 — Decided November 14, 1977.

*Robert N. Leitch,* for appellant.

*M. Randall Peek, District Attorney, Robert E. Wilson, Assistant District Attorney,* for appellee.