### 34704. CONSTANTINO v. THE STATE.

BOWLES, Justice.

The evidence in this case would authorize the jury to find the following facts:

In October, 1977, appellant, Frank Constantino, telephoned Mr. John Paul Jones, a news reporter, and asked him to investigate certain difficulties appellant and his wife were having, particularly with the Department of Family & Children Services, which was attempting to

take custody of the Constantinos' three children away from them. Mr. Jones went to visit appellant and his wife and subsequently investigated their allegations. After investigation, Mr. Jones determined that there was no news story to be had and informed appellant and his wife of this determination. Nevertheless, appellant and his wife continued to telephone Mr. Jones urging him to resume his investigation. The Constantino children were removed from the Constantino home by the Department of Family & Children Services, and on November 23, 1977, Mr. Jones testified at the DFCS custody hearing. The children were placed in foster care and on the Saturday following the hearing Mr. and Mrs. Jones began receiving harassing phone calls from appellant and his wife. Mr. Jones testified that he had never received such phone calls prior to the hearing but that he had received hundreds since. At first the phone calls from appellant and his wife contained conversation but when Mr. Jones threatened to record the voices if they did not stop calling, the conversations ceased and the callers would simply telephone and then hang up when the Jones' phone was answered. Mrs. Jones counted fifty-four telephone calls in a three hour period one day. After trying without success to get the phone calls stopped,[1] Mr. Jones finally contacted the telephone company. On December 16, 1977, a telephone "drop" or "security trap" was placed on Mr. Jones' telephone line. This device would reveal the originating telephone number of all calls received by the Jones' telephone. Over a two day period, ten calls came in from appellant's telephone number. The security trap was removed from the Jones' phone on December 23, 1977. Appellant and his wife were indicted for 12 counts of Using a Telephone for the Purpose of Harassment. Appellant appeals his conviction to this court.

We affirm.

Appellant was indicted for the offense of Using a Telephone for the Purpose of Harassment. There was

---

[1]The calls stopped once after Mr. Jones contacted appellant's attorney but resumed a week later. After charges were brought against appellant and his wife, the calls stopped again until shortly before the first trial date.

some question at trial as to whether or not Code Ann. §§ 26-2610 (e) or 104-9901 was the specific statute appellant was being prosecuted under, however, the language of the indictment was sufficiently specific as to apprise appellant of the crime with which he was charged. Appellant was accused of knowingly and wilfully telephoning John Paul Jones and his wife, Jan Jones, repeatedly for the purpose of annoying, harassing and molesting them.

1. Appellant filed a general demurrer attacking the constitutionality of the statute under which he was indicted claiming it violates due process. Assuming arguendo that such challenge was timely and appropriately raised, we find the pertinent portions of both statutes constitutional. Code Ann. § 26-2610 states: "A person who commits any of the following acts is guilty of a misdemeanor: . . . (e) Telephones another repeatedly, whether or not conversation ensues, for the purpose of annoying, harassing or molesting another or his family, or uses over the telephone language threatening bodily harm . . ." Code Ann. § 104-9901 provides that the following act is a misdemeanor: "Whoever by means of telephone communication in this State: . . . (b) makes a telephone call whether or not conversation ensues, without disclosing his identity and with intent to annoy, abuse, threaten, or harass any person at the called number . . ." Appellant contends that this language is unconstitutionally vague and broad and thus violates due process as it fails to give adequate guidance to people trying to be law abiding and fails to advise defendants of the offense with which they are charged.

Due process only requires that a statute convey a "sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." United States v. Petrillo, 332 U. S. 1, 8 (67 SC 1538, 91 LE 1877) (1947). The plain meaning of the two statutes in question is that an individual may not make telephone calls for the purpose of harassing someone. The statutes are clear and could be readily understood by people of ordinary intelligence seeking to avoid their violation. See, *Lanthrip v. State,* 235 Ga. 10 (218 SE2d 771) (1975). See also, *Haisman v. State,* 242 Ga. 896, 897 (252 SE2d 397)

(1979).

Appellant's primary complaint is that "what is or is not harassing, annoying or bothersome is merely a question of one's own interpretation." Presumably what appellant means by this is that a defendant telephoning someone could never know if he is harassing that person since what may be harassing to that person might not be harassing to another, i. e. the defendant will never know if he is committing a crime or not. The fallacy in this theory is that the victim's subjective ideas on what is or is not harassing are not in issue. The point is that the defendant telephones *intending* to harass and the defendant certainly knows if he is doing that.

Appellant's challenge to the constitutionality of the statutes is without merit.

2. Appellant asserts that the trial court erred in refusing to allow his counsel to show the jury that appellant's daughters had access to his telephone and could have committed the crimes for which appellant was tried and convicted. The record does not reflect that appellant attempted to show that the daughters had access to his telephone during this period. Rather, appellant stated that he was trying to show that other people were harassing the Joneses as well. Appellant's objection pertained only to the exclusion of testimony of a phone call by one of appellant's daughters to the Joneses early in December of 1977. This testimony was later admitted into evidence, and thus, if there had been any error in excluding the testimony, the issue is now moot. Furthermore, the evidence in the record, and particularly the testimony of the appellant himself, indicates that the daughters were in foster homes at the time of the calls intercepted by the security trap, and could not have made calls which originated from appellant's telephone. For these reasons, appellant's second enumeration of error is meritless.

3. Appellant next contends that the trial court erred in allowing Jan Jones to identify the voices of the appellant and his wife from phone calls made to the Joneses. Appellant urges that since Mrs. Jones had never spoken with either party face to face, she was unable to properly authenticate the telephone conversations to

which she testified. We find that Mrs. Jones was able to identify the appellant's voice and her testimony on conversations with him was properly admitted. On one occasion appellant telephoned and Mrs. Jones held the phone while Mr. Jones went to get his tape recorder to record the conversation. Mrs. Jones recognized the voice as the same voice who had previously identified himself as Frank Constantino (appellant). Mr. Jones, who had spoken to appellant both in person and by telephone, identified the voice to be that of the appellant. However, Mrs. Jones' identification of appellant's wife's voice was not based on similar facts. Although, generally speaking, proof of telephone conversations may be admissible in evidence when the identity of the person against whom the conversation is sought to be admitted is established by circumstantial as well as direct evidence, [see, e. g. *Dowdle v. West Lumber Co.,* 79 Ga. App. 663 (54 SE2d 682) (1949) and *Ayers v. John B. Daniel Co.,* 35 Ga. App. 511 (133 SE 878) (1926)], an identification is not sufficient if identity is established only by what is said in the conversation itself. *Price v. State,* 208 Ga. 695 (69 SE2d 253) (1952). Since Mrs. Jones could only identify appellant's wife from the conversations themselves, it was error for the trial court to admit testimony of those conversations into evidence. Nevertheless, in this instance, we conclude the error was harmless.[2] No count of appellant's indictment was based on any conversation had between Mrs. Jones and appellant's wife. The testimony about these conversations was simply cumulative of testimony by Mr. Jones who properly identified the voices of both appellant and his wife in harassing phone calls. Mr. Jones testified that they received hundreds of harassing telephone calls. Mrs. Jones counted fifty-four (54) calls one afternoon between the hours of 1:00 p.m. and 4:00 p.m. It is highly probable that the error did not contribute to the judgment in this

---

[2]Appellant has not even argued that this error *was* harmful much less *how* it was harmful. Nor have we been able to discern how the error was harmful under the facts of this case.

case. See *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976).

4. Appellant contends that the jury's verdict was contrary to the law and the weight of the evidence, and therefore, his motion for a directed verdict of acquittal should have been granted. Appellant's minimal attempt to argue this ground should probably be held insufficient to raise a question for review. However, since there was clearly evidence to support the verdict we will simply go ahead and say so. It is the duty of the jury to weigh the evidence and its verdict of guilty will not be disturbed on appeal if there is any evidence to support it. *Cunningham v. State,* 235 Ga. 126, 127 (218 SE2d 854) (1975).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 16, 1979 — DECIDED MAY 2, 1979.

*H. B. Edwards, III,* for appellant.

*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.