### 61996. TANT et al. v. THE STATE.

Quillian, Chief Judge.

The defendants appeal their convictions for kidnapping children under the age of 16 years against the will of the children's parents. See Criminal Code of Georgia § 26-1311 (b) (Code Ann. § 26-1311 (b); Ga. L. 1968, pp. 1249, 1282). *Held:*

1. The evidence was sufficient, when considered in the light most favorable to the prosecution, to convince a rational trier of fact as to the guilt of the defendants beyond a reasonable doubt.

2. Counsel for the defendants urge that it was error for the trial judge to refuse their written request to charge Criminal Code of Georgia § 26-705 (Code Ann. § 26-705, Ga. L. 1968, pp. 1249, 1270; 1969, pp. 857, 859), which provides: "A person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact, which, if true, would have justified the act or omission." It is contended that this section should have been charged because the defendants' sole defense was that the two victims — girls ages 12 and 14 — told them they were 17 and 18 years old.

Our present Code section Code Ann. § 26-1311 (b) (Ga. L. 1968, pp. 1249, 1282) is essentially derivative of section 110 of the Criminal Code of 1910. In construing that section this Court held: "1. Upon a trial for kidnapping under an indictment drawn under section 110 of the Penal Code of 1910, the fact that the accused was ignorant of the girl's age, and that he believed, in good faith, and had good grounds to believe, that she was more than eighteen years of age, is no defense to the indictment. See *Gravett v. State,* 74 Ga. 191 (1 a); 1 Brill's Cyclopedia of Criminal Law, § 352, and numerous cases cited." *Smiley v. State,* 34 Ga. App. 513 (1) (130 SE 359).

With regard to "statutory rape" the maxim is essentially the same; that is, "the defendant's knowledge of the age of the female is not an essential element of the crime of statutory rape and therefore it is no defense that the accused reasonably believed that the

prosecutrix was of the age of consent." 65 AmJur2d 781, Rape, § 36. This rule has been followed in the vast majority of the states, except for California and Alaska. See Anno., 8 ALR3d 1100.

Therefore, the defendants' belief as to the ages of the two girls would not constitute a defense unless Code Ann. § 26-705, which did not previously exist until 1968, was intended to ameliorate such rule, and others like it, and permit a mistaken belief as to age to constitute a defense. The principles of Code Ann. § 26-705, although new to the Code, had already appeared in our case law. In *Robinson v. State,* 6 Ga. App. 696, 703 (65 SE 792) this Court held: "A person may honestly believe a thing and yet not know it, and honest belief will not avail a person who has committed an act in violation of a criminal statute. See *Webb v. State,* 6 Ga. App. 353 (64 SE 1001). But where knowledge is made a part of the offense, so that the scienter must be proved by the State, this rule does not apply, since the burden is on the State to prove the guilty knowledge."

Since knowledge of the victim's age is not an element of the offense, mistake as to that age would not warrant a charge under Code Ann. § 26-705. Especially is this true since such mistaken belief would not necessarily have "justified the act" within the meaning of the Code section.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 22, 1981.

*James Eugene Green,* for appellants.
*Darrell Wilson, District Attorney,* for appellee.