### 43299. BANKS v. WELLS.
(344 SE2d 652)

WELTNER, Justice.

Wells brought a contempt action against his former wife for failure to pay to him a sum of approximately $5,000, pursuant to a divorce decree. The trial court found Mrs. Banks in contempt of court and ordered her incarcerated, allowing her until 5:00 p.m. of that day to purge herself by paying the sum. At around 4:30 p.m. that afternoon, she filed a petition for bankruptcy, seeking a discharge of the debt. The bankruptcy court adjudicated the debt dischargeable as a property settlement. On rehearing, the trial court held that the contempt order remained in effect. We granted Banks' discretionary appeal to determine whether the trial court erred in holding her in contempt for a debt which later was adjudicated to be dischargeable in bankruptcy.

1. Banks contends that the trial court is enjoined from enforcing its contempt order because of the automatic stay provisions of the Federal Bankruptcy Act, 11 USC 362. In this case, because the dischargeability of the debt was determined by the bankruptcy court, that issue is now *res judicata*. *Manuel v. Manuel*, 239 Ga. 685, 686 (238 SE2d 328) (1977). The debt is scheduled in Banks' bankruptcy action, and may not be collected through the state's judicial system.

2. The contempt order conditioned Banks' punishment upon repayment of the debt. This we have defined as "civil contempt," whose purpose is to enforce compliance with specific directives. *Ensley v. Ensley*, 239 Ga. 860, 861-2 (238 SE2d 920) (1977). The debt having been discharged, civil contempt cannot lie, and the order of the trial court must be vacated.

3. This disposition does not preclude, however, a consideration by the trial court of criminal contempt proceedings to determine whether Banks wilfully refused to obey the prior decree (as well as two prior orders enjoining her from disposing of specific funds within her control which would have satisfied the divorce debt). Criminal contempt, however, requires unconditional imprisonment for a specified length of time, or a fine, or both, *Ensley*, supra, 239 Ga. at 861-2, and is subject, of course, to other limitations. See *Floyd v. Floyd*, 247 Ga. 551 (277 SE2d 658) (1981); *In re Bergin*, 255 Ga. 429 (341 SE2d 8) (1986).

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 25, 1986 —
RECONSIDERATION DENIED JULY 16, 1986.

*Black & Black, Eugene C. Black, Jr.*, for appellant.

*Ralph C. Smith, Jr.,* for appellee.