## 77319. WITTSCHEN v. THE STATE.
(377 SE2d 681)

BENHAM, Judge.

Appellant was convicted of two counts of criminal attempt to commit child molestation. OCGA § 16-4-1. On appeal, he contends that the trial court's denials of his motions for directed verdict and for new trial were erroneous inasmuch as several essential elements of the crimes were not proven.

1. Two girls, 12 and 8 years old at the time of the incident, identified appellant as the man who drove a van on the residential street where they were roller skating, stopped the van, held up dollar bills, and asked them if they would like to have the money. When the older girl responded affirmatively, appellant said, "Let me stick my hand down your pants." Both girls then ran away from the van, and appellant drove off.

"A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. "A person commits the offense of child molestation when he does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). "An attempt to commit a crime consists of three elements: first, the intent to commit the crime; second, the performance of some overt act towards the commission of the crime; and third, a failure to consummate its commission. [Cit.]" Howell v. State, 157 Ga. App. 451 (4) (278 SE2d 43) (1981).

Appellant contends the State presented no evidence that appellant committed an overt, unlawful act. He points out that driving a van, rolling down a window, and holding up money is each a lawful act. However, when these individual, seemingly innocuous, acts are taken together and combined with the words uttered by appellant, there is evidence of an act inexplicable as a lawful act. See Adams v. State, 178 Ga. App. 261 (2b) (343 SE2d 747) (1986). See also McGinnis v. State, 183 Ga. App. 17 (1) (358 SE2d 269) (1987); Helton v. State, 166 Ga. App. 662 (1) (305 SE2d 592) (1983).

2. Appellant contends that asportation of the child is an essential element of the crime with which he was accused. The indictment charged that appellant "did with intent to commit the crime of child molestation . . . entice the [child victim] to get into the van of [appellant] by [appellant] offering said child money to let [appellant] put his hand down inside of the pants of said child. . . ." While the appellate courts have held that asportation is an essential element of the crime of enticing a child for indecent purposes (OCGA § 16-6-5 (a); Thompson v. State, 186 Ga. App. 471 (3) (367 SE2d 320) (1988)),

appellant was not charged with a violation of OCGA § 16-6-5 (a). Instead, he was charged with criminal attempt to commit child molestation, which does not have asportation as an element. See OCGA §§ 16-4-1; 16-6-4 (a).

The trial court did not err in denying appellant's motions for directed verdict and for new trial.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 23, 1988 —
REHEARING DENIED JANUARY 13, 1989 — ■

*Bush, Wallace & Craig, Daniel J. Craig,* for appellant.

*J. Lane Johnston, District Attorney, G. Barksdale Boyd,* Assistant District Attorney, for appellee.