46655. WITTSCHEN v. THE STATE.
(383 SE2d 885)

GREGORY, Justice.

Appellant William Henry Wittschen appeals his conviction in the
Superior Court of Effingham County on two counts of criminal at-
tempt to commit child molestation. The jury apparently found that
Wittschen drove his van up to two girls, 12 and 8 years old, while they
were roller skating in a residential neighborhood. He rolled down his
window, held up some dollar bills, and asked the girls whether they
would like the money. When the girls responded affirmatively, he
said: "Let me stick my hand down your pants." The girls immediately
ran away from the van as Wittschen drove off.

This Court granted a writ of certiorari to the Court of Appeals[1]
on the question of whether the facts in this case call for an indictment
for the offense of "Enticing a child for indecent purposes," OCGA §
16-6-5; "Criminal attempt" to commit "Child molestation," OCGA §§
16-4-1; 16-6-4; or neither. We affirm.

1. "An attempt to commit a crime consists of three ele-
ments: first, the intent to commit the crime; second, the per-
formance of some overt act towards the commission of the
crime; and third, a failure to consummate its commission."

*Howell v. State,* 157 Ga. App. 451, 454 (4) (278 SE2d 43) (1981)
(quoting *Alexander v. State,* 66 Ga. App. 708, 711 (19 SE2d 353)
(1942)). Wittschen relies on language from *Groves v. State,* 116 Ga.
516 (42 SE 755) (1902) where the court stated that:

"[t]o constitute an attempt there must be an act done in
pursuance of the intent, and more or less directly tending to
the commission of the crime. In general, the act must be in-
explicable as a lawful act, and must be more than mere prep-

---

[1] The Court of Appeals affirmed his conviction in *Wittschen v. State,* 189 Ga. App. 828
(377 SE2d 681) (1989).

aration. Yet it can not accurately be said that no preparations can amount to an attempt. It is a question of degree, and depends upon the circumstances of each case."

Id. at 517-18 (quoting Clark & Marshall, Law of Crimes 127 (2d ed.)). Wittschen contends that the facts, as set forth above, do not legally meet these requirements for attempt in that there was no overt act inexplicable as a lawful act.

Wittschen misconstrues the use of "inexplicable" in *Groves*. It does not mean, as he contends, that so long as every act is not in and of itself unlawful, the second prong of attempt is not met. Rather, it means that the act, in light of previous acts, "constitutes a substantial step toward the commission of [a] crime." OCGA § 16-4-1. While it cannot be conclusively determined exactly when Wittschen crossed the line from mere preparation to the commission of a substantial step, by saying "let me stick my hand down your pants," he had definitely gone beyond mere preparation.

2. Wittschen further argues that even if his actions were sufficient for a conviction for attempted child molestation, OCGA § 16-6-5 (Enticing a child for indecent purposes) "preempts"[2] the crime of attempted child molestation when the perpetrator entices the child for the purpose of child molestation. This argument is without merit. OCGA § 16-6-5 has an asportation element not found in either OCGA § 16-4-1 or OCGA § 16-6-4. Child molestation and enticement are separate offenses, see *Williams v. State*, 156 Ga. App. 481 (274 SE2d 826) (1980), and the combination of attempt with child molestation does not bring it within the purview of enticement. Thus, although if, as Wittschen argues, the legislature enacted the enticement statute so as to relax the stringent requirements of criminal attempt to commit child molestation, it is a wholly separate crime in that it contains the additional element of asportation.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 29, 1989.

*Bush, Wallace & Craig, Daniel J. Craig*, for appellant.
*J. Lane Johnston, District Attorney*, for appellee.

---

[2] It is not entirely clear what Wittschen means by the use of this term though it appears he contends the two statutes are too similar to exist side-by-side.