**CIRCUIT COURT OF LOUDOUN COUNTY**

Nannette H. Hoffman

v.

Noel A. Schweig

July 2, 1991

Case No. (Law) 11185

By JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Motion for Summary Judgment filed by the plaintiff. After consideration of the argument of counsel and the Court's own research, the Motion is granted as hereinafter set forth.

Dr. Schweig has admitted that when he filed his petition in bankruptcy in the District of Columbia in January, 1988, he listed in his petition the debt which is the subject of this suit as "noncontingent, liquidated and undisputed as to amount." *See* Exhibits A, B and E to plaintiff's Motion for Summary Judgment. In the Petition, he listed the creditor as the plaintiff and the amount of the debt as $50,815.00. Also, Dr. Schweig admitted that the bankruptcy court issued a decision, styled *In re Noel A. Schweig, M.D.*, 105 B.R. 140 (Bkrtcy. D. D.C. 1989), which is Exhibit F in aforesaid motion.

As indicated from the bench at oral argument, I am of the opinion that under the doctrine of *res judicata* or collateral estoppel, Dr. Schweig would not be allowed to relitigate the issue in this case of whether or to the debt is a support and maintenance obligation. The bankruptcy court in *Schweig* clearly found that Dr. Schweig's obligation was for support and maintenance, and accordingly, the debt was nondischargeable. *See, Weldstron Corporation v. Arbee Scales, Inc.*, 555 N.Y.S.2d 844 (A.D. 2 Dept. 1990);

*Banks v. Wells*, 344 S.E.2d 652 (Ga. 1986); *Manuel v. Manuel*, 238 S.E.2d 328 (Ga. 1977).

Dr. Schweig has raised other affirmative defenses by his Answer filed May 17, 1990. He asserts that he should be able to defend this action on the basis of those defense because *Schweig* merely determined the non-dischargeability of the debt in a bankruptcy proceeding. While I agree that this is the holding of *Schweig*, I cannot ignore the fact that Dr. Schweig judicially admitted the validity of the debt by its listing in his bankruptcy petition, and he reaffirmed its validity by not contesting its validity in the bankruptcy proceeding. He could have done so under 28 U.S.C. § 157. Dr. Schweig merely decided to seek the protection of the bankruptcy statutes as to his obligations to Ms. Hoffman, but he was unsuccessful. Having failed to litigate what he could have litigated in the bankruptcy court, he cannot now ask that the validity of the debt be litigated in this case.

Accordingly, the Motion for Summary Judgment is granted to the extent that Dr. Schweig is liable to Ms. Hoffman on the subject note in an amount of at least $50,815.00 as of January 18, 1988 (the date Dr. Schweig signed his bankruptcy petition).

This case is currently set for a jury trial on August 20, 1991.