## S92A1488. SIMMONS v. THE STATE.
### (424 SE2d 274)

CLARKE, Chief Justice.

The Gwinnett County Solicitor charged James Simmons with carrying a concealed knife in violation of OCGA § 16-11-126 (a).[1] Simmons pleaded not guilty but stipulated to the facts charged in the accusation.[2] Simmons filed a motion to dismiss the accusation, alleging that the statute was unconstitutionally vague. The trial court denied the motion and Simmons appeals. We affirm.

Appellant argues that the statute is so vague that it does not provide an ascertainable standard of guilt. The phrase "designed for the purpose of offense and defense" does not, according to appellant, inform a reasonable person of what conduct is prohibited.

In reviewing the constitutionality of a statute, we read the Code section as a whole.

> A person commits the offense of carrying a concealed weapon when he knowingly has or carries about his person, unless in an open manner and fully exposed to view, any . . . knife designed for the purpose of offense and defense, or any other dangerous or deadly weapon . . . outside of his home or place of business. . . . OCGA § 16-11-126 (a).

This Code section uses words of common understanding. A trier of fact could reasonably interpret these words in a manner consistent with due process requirements. We find, therefore, that the statute is not facially unconstitutional.

Vagueness challenges to criminal statutes that do not implicate first amendment freedoms must be examined in the light of the facts of the case to be decided. *United States v. Mazurie*, 419 U. S. 544, 550 (95 SC 710, 42 LE2d 706) (1975).

> A criminal statute is sufficiently definite if its terms furnish a test based on normal criteria which men of common intelligence who come in contact with the statute may use with reasonable safety in determining its command. *Wilson v. State*, 245 Ga. 49, 53 (262 SE2d 810) (1980).

---

[1] Simmons filed a Motion to Dismiss Accusation on December 14, 1991. The trial court denied the motion on January 25, 1992. The trial court found Simmons guilty on June 12, 1992. Simmons was sentenced to 12 months to be served on probation and fined $350. On August 11, 1992, Simmons filed a Notice of Appeal with this Court. This case was submitted without oral argument on October 16, 1992.

[2] The accusation reads, "Simmons . . . did . . . knowingly carry a knife designed for the purpose of offense and defense outside his home or place of business in such a way that it was not fully exposed to view."

Appellant argues that no reasonable person could know what conduct is criminal under the Code section.

In the present case, there is no evidence in the record of what kind of knife appellant had in his possession. This statute, therefore, cannot be declared void for vagueness as applied in this case. *Hardison v. Shepard*, 246 Ga. 196 (269 SE2d 458) (1980). The trial court correctly denied appellant's motion to dismiss.

*Judgment affirmed. Hunt, P. J., Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED JANUARY 8, 1993.

*G. Wayne Lancaster*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, David M. Fuller, Assistant Solicitor*, for appellee.