A94A0230. FLANAGAN v. THE STATE.
(442 SE2d 16)

JOHNSON, Judge.

Anthony Eugene Flanagan ran away from a bailiff as he was being escorted to a holding cell after being found in contempt of court and sentenced to serve ten days in jail. After a chase and scuffle, Flanagan was taken into custody. He was charged and convicted of obstruction of a law enforcement officer and escape.

1. Flanagan asserts that the trial court erred in denying his motion for a directed verdict of acquittal as to the escape charge, because the State failed to prove that he was in custody at the time of the incident, an essential element of the offense of escape.

We agree with the trial court that there was sufficient evidence presented by the State to submit that issue to the jury. Implicit in Flanagan's argument, however, is the question whether he was in custody at the time he fled as contemplated by OCGA § 16-10-52, the escape statute under which he was indicted and convicted. It is clear that the statute intends to create a separate offense for those attempting to elude custody. OCGA § 16-10-52 expressly limits the application of this escape provision to those in custody either prior to or after having been convicted of a *felony, misdemeanor or violation of a municipal ordinance*. It does not contemplate those in custody for contempt, either civil or criminal.[1]

It is well settled that we are bound to strictly construe criminal statutes. *Cargile v. State*, 194 Ga. 20, 23 (2) (20 SE2d 416) (1942). In this particular case, the authority to incarcerate for contempt is a power of the court authorized by OCGA § 15-10-2 (7). Even if we determined that the nature of Flanagan's contempt was criminal

---

[1] Other jurisdictions have avoided this pitfall. The Texas statute, for example, reads: "A person commits an offense if he escapes from custody when he is in custody pursuant to a lawful order of a court." V.T.C.A., Penal Code § 38.07 (a) (2).

rather than civil, resulting from his failure to obey an order of the court, his incarceration is not the result of the commission of a misdemeanor or a felony. See *Banks v. Wells*, 256 Ga. 164 (2), (3) (344 SE2d 652) (1986). While it is logical that a person in Flanagan's situation should be subject to prosecution for escape, the correction of defects or unforeseen gaps in statutory criminal law is for the legislature rather than the courts. The State did not and could not prove that Flanagan had been charged with or convicted of a criminal offense at the time he fled. Consequently, an essential element of the crime is not supported by any evidence, and the escape conviction must be reversed.

2. In his second and third enumerations of error, Flanagan objects to the "moral and reasonable certainty" charge given to the jury. "Our Supreme Court disapproved of that language in *Vance v. State*, 262 Ga. 236 (2) (416 SE2d 516) (1992), but held that because the trial court's charge repeatedly and accurately conveyed to the jury the concept of reasonable doubt and because there was overwhelming evidence of defendant's guilt, the use of that language was harmless error." *McDonald v. State*, 210 Ga. App. 689, 691 (5) (436 SE2d 811) (1993). Noting the lack of comfort with which this court applied *Vance* in *McDonald*, we nonetheless find that the evidence of Flanagan's guilt with respect to the obstruction of a law enforcement officer charge was overwhelming. The charge as given, when viewed as a whole, did not result in reversible error.

*Judgment affirmed in part and reversed in part. Andrews, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur, but not with all that is in the second paragraph of Division 1.

Appellant's first enumeration is that the evidence is insufficient and the verdict is contrary to justice and equity. His argument, as set out in the brief, is two-fold: 1) the evidence did not show he was in custody as a matter of fact; that is, the evidence did not show he was "in custody"; and 2) the evidence did not show he was in custody as a matter of law; that is, even if he was "in custody" as a matter of fact, this is not the type of custody from which escape is prohibited.

The second question is not "implicit." It is the alternative support for his first enumeration.

In addition, the evidence was *not* sufficient to submit the issue to the jury, because as a matter of law, he was not in custody as contemplated by the criminal statute.

So I cannot agree with these two statements made in the majority opinion, page 468. Otherwise, I concur.

DECIDED MARCH 16, 1994.

*Albert A. Myers III*, for appellant.

*Cheryl F. Custer, District Attorney, James M. Miskell, Assistant District Attorney*, for appellee.