## S94A0547. THE STATE v. BURCH.
(443 SE2d 483)

BENHAM, Presiding Justice.

This appeal is from the trial court's dismissal of an accusation charging Burch with violating OCGA § 16-11-36.[1] Appellee's arrest arose from a call to the police from a security guard who reported that he saw appellee climb a six-foot high, razor-wire-topped fence around an automobile dealership. Responding officers found appellee outside the dealership and arrested him notwithstanding his explana-

---

[1] 16-11-36. Loitering or prowling.

(a) A person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.

(b) Among the circumstances which may be considered in determining whether alarm is warranted is the fact that the person takes flight upon the appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the person or other circumstances make it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this Code section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the person to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this Code section if the law enforcement officer failed to comply with the foregoing procedure or if it appears at trial that the explanation given by the person was true and would have dispelled the alarm or immediate concern.

(c) A person committing the offense of loitering or prowling shall be guilty of a misdemeanor.

(d) This Code section shall not be deemed or construed to affect or limit the powers of counties or municipal corporations to adopt ordinances or resolutions prohibiting loitering or prowling within their respective limits.

tion that his car had broken down nearby and that he was returning from a restaurant where he had called for help.

Appellee filed a motion to dismiss based on his contention that the statute under which he was charged is unconstitutionally vague and gives too much discretion to the arresting officer. Without detailing its rationale, the trial court granted the motion to dismiss.

The exact issues raised in this case were raised and resolved by this court in *Bell v. State*, 252 Ga. 267 (313 SE2d 678) (1984). We decline appellee's invitation to reconsider *Bell* and to hold OCGA § 16-11-36 unconstitutional. The reasoning of *Bell* is sound and appellee's assertions that it confers unbridled discretion on police officers are not well taken. The statute makes clear to persons of ordinary intelligence the conduct sought to be prohibited[2] and contains sufficient safeguards to prevent unwarranted arrests and convictions.[3] We reaffirm the holding in *Bell* that the statute is not unconstitutionally vague and, consequently, must reverse the trial court's dismissal of the charge against appellee.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 31, 1994.

*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Leigh A. Moore, Assistant Solicitors,* for appellant.
*Duana R. Sanson,* for appellee.

---

[2] *Bullock v. City of Dallas*, 248 Ga. 164 (281 SE2d 613) (1981), is inapposite for the same reason this court distinguished it in *Bell*: that case dealt with a municipal ordinance which provided no guidelines by which a citizen could discern whether he risked criminal responsibility, a defect from which OCGA § 16-11-36 does not suffer. Id. at 272.

[3] Similar enactments based on Model Penal Code § 250.6 have been upheld against constitutional attacks in *City of Milwaukee v. Nelson*, 149 Wis.2d 434 (439 NW2d 562) (1989); *Watts v. State*, 463 S2d 205 (Fla. 1985); and *State v. Ecker*, 311 S2d 104 (Fla. 1975). But see *State v. Bitt*, 118 Idaho 584 (798 P2d 43) (1990); *City of Bellevue v. Miller*, 85 Wash.2d 539 (536 P2d 603) (1975); and *City of Portland v. White*, 495 P2d 778 (Or. App. 1972), holding similar enactments to be unconstitutional.