## S95A0511. CONNALLY v. THE STATE.
### (458 SE2d 336)

HUNT, Chief Justice.

T. Dennis Connally was a trustee of several trusts and took money from those trusts for his personal use. He was convicted of eight counts of theft by conversion and sentenced to thirty-six years, with two years to serve. Connally contends that the sums he took were loans authorized by the trust agreements, that he was unable to repay all the money, and that he is being imprisoned for a debt in violation of Georgia's constitutional prohibition against imprisonment for debt.[1] We affirm because the constitution does not forbid imprisonment for criminal conduct, even though the criminal conduct also results in a civil debt.

1. In *Smith v. State*,[2] this court rejected the constitutional challenge to the theft-by-conversion statute[3] that Connally asserts. Nevertheless, Connally contends that in *Smith* this court improperly engrafted a fraud exception to the constitutional prohibition against imprisonment for debt. The original constitutional provision prohibited imprisonment for debt if there was "not a strong presumption of fraud" and if the debtor delivered his entire estate to creditors.[4] The Constitution of 1868 provided that "there shall be no imprisonment for debt."[5] Our current constitution retains this same language.[6] The deletion of the fraud language in 1868 did not create a license to steal by fraud or deception. Rather, we read the current provision to prohibit prosecutions based *solely* on the failure to repay a lawful debt. As we recognized in *Smith*, however, the theft by conversion statute requires more than proof of a failure to comply with any contractual obligation.[7] It requires proof of criminal intent — the knowing appropriation of funds or property belonging to another. Because the stat-

---

[1] Ga. Const. of 1983, Art. I, Sec. I, Par. XXIII.
[2] 229 Ga. 727 (194 SE2d 82) (1972).
[3] OCGA § 16-8-4.
[4] Ga. Const. of 1798, Art. IV, Sec. VIII.
[5] Ga. Const. of 1868, Art. I, Sec. XXVIII.
[6] Ga. Const. of 1983, Art. I, Sec. I, Par. XXIII.
[7] *Smith*, 229 Ga. at 729.

ute requires proof of a criminal intent, it does not violate the constitutional prohibition against imprisonment for debt.

2. Connally also contends that the evidence was insufficient to convict him because he only borrowed money from the trusts, which the trust agreements authorized. The trust agreements did authorize the trustee to loan trust money to any person under terms "as the trustee may deem advisable for the best interests of the trust and the beneficiaries." The evidence showed, however, that between 1983 and 1989 Connally took over $400,000 from three trusts for his own personal use and for the use of a speculative tax shelter of which he was a general partner. He never formally documented the alleged loans; he concealed his actions from the grantors and beneficiaries of the trusts; he failed to report the loans on his own sworn financial statements; and later, he created promissory notes, backdated them, and altered a cleared check to make it appear that the transactions were loans. After reviewing the evidence in the light most favorable to the court's determination of guilt, we conclude that a rational trier of fact could have found that Connally knowingly converted trust funds to his own use, and thus, that he was guilty of theft by conversion.[8]

3. Finally, Connally contends that the theft-by-conversion statute is unconstitutionally vague. To meet the due process requirements of the state and federal constitutions, a criminal statute must give sufficiently definite warning of the "proscribed conduct when measured by common understanding."[9] We consider the sufficiency of the notice in light of the specific conduct at issue, rather than upon hypothetical conduct.[10] We find that the theft-by-conversion statute provides more than adequate notice to a person of ordinary intelligence that a trustee's intentional appropriation of trust funds for his personal use and for speculative business ventures is criminal conduct.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 5, 1995 —
RECONSIDERATION DENIED JULY 11, 1995.

*Howe & Dettmering, Donald B. Howe, Jr., Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr., Preyesh K. Maniklal,* for appellant.

*David McDade, District Attorney, William H. McClain, Assis-*

---

[8] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Under OCGA § 16-8-4 a person commits theft by conversion when he "having lawfully obtained funds or other property of another . . . under an agreement . . . to make a specified application of such funds . . ., he knowingly converts the funds . . . to his own use in violation of the agreement."

[9] *Douglas v. State*, 263 Ga. 748, 749 (438 SE2d 361) (1994).

[10] Id.

*tant District Attorney,* for appellee.