## 27629. ROBERTS v. CALDWELL.

GUNTER, Justice. This is an appeal from a judgment of a habeas corpus court that remanded the appellant to custody.

The appellant's habeas corpus action set forth two contentions. The first was that he was denied effective assistance of counsel at his trial in the convicting court. Upon review we determine that this contention is without merit.

The appellant's second contention in his habeas corpus action is of a more serious nature. He contended that he was denied counsel for an appeal from the judgment of conviction.

The record shows that an appeal from the judgment of conviction was brought to this court, and the appellant represented himself without benefit of counsel. This appeal resulted in a reversal with respect to two crimes for which he was convicted and affirmance with respect to two other crimes for which he was convicted. See *Roberts v. State,* 228 Ga. 298 (185 SE2d 385). Therefore, though he was not represented by counsel in the appellate court, he himself secured the setting aside of two convictions.

The appellant testified at the habeas corpus hearing that he filed an affidavit with the clerk of the convicting court requesting that counsel be appointed for him for his direct appeal. There is no evidence in the record that this affidavit ever reached or was filed with the clerk of the convicting court. During the pendency of his appeal, the appellant also wrote the Supreme Court of Georgia requesting that counsel be appointed to assist him in his appeal. In the habeas corpus record there is a response from the Clerk of the Supreme Court of Georgia dated August 20, 1971, stating: "This Court has no authority to appoint counsel to represent

you."

The state, in its brief filed in this court on this appeal, concedes as follows: "It is also apparent that the Clerk of the Superior Court of Richmond County, Georgia, knew of Roberts' indigency and his desire to appeal from the documents which would have been on file in his office in order for the case to have been docketed on direct appeal in this Court."

On the basis of these facts was the appellant denied benefit of counsel in his first direct appeal?

It is beyond question that an indigent has the right to appointed counsel to assist him on direct appeal. Douglas v. California, 372 U. S. 353 (83 SC 814, 9 LE2d 811) (1963); and, an individual desiring an appeal need not, once a responsible state authority knows of the desire to appeal and knows of the status of indigency, specifically request appointment of appellate counsel. Swenson v. Bosler, 386 U. S. 258 (87 SC 996, 18 LE2d 33) (1967).

On the basis of this record we conclude the appellant was denied appellate counsel on his first appeal.

The judgment of the habeas corpus court is reversed, and the case is remanded with direction to the habeas corpus court to enter an order providing for the appointment of counsel to determine if there is any justifiable ground for an appeal from the original convictions, and if such determination is in the affirmative, then an appeal may be filed and prosecuted with benefit of counsel even at this late date.

*Judgment reversed with direction. All the Justices concur.*

SUBMITTED DECEMBER 11, 1972 — DECIDED MARCH 8, 1973.

Lonnie Richard Roberts, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr.,*

*Executive Assistant Attorney General, David L. G. King, Jr., Assistant Attorney General,* for appellee.