## A98A1341. VEASEY v. THE STATE.
### (507 SE2d 799)

Judge Harold R. Banke.

Anthony Thomas Veasey was convicted of one count of child molestation. On appeal, Veasey asserts four errors.

When viewed in the light most favorable to the verdict, the evidence showed that Veasey and his 15-year-old victim worked together in a kitchen at a resort. After Veasey asked the victim whether he was a homosexual, the victim became uncomfortable and reported the conversation to a co-worker. Later, Veasey asked the victim to have sex with him and told him about a prior homosexual encounter. On the same evening, Veasey followed the victim into a storeroom, ostensibly to retrieve some supplies. While alone, Veasey asked the youth if he "want[ed] to see it" then unzipped and dropped his pants and exposed his erect penis. The victim testified that when Veasey told him to drop his pants he complied because he was frightened.

Veasey was tried under a two-count indictment for the offenses of child molestation and enticing a child for indecent purposes. Veasey admitted at trial that he had exposed himself to the youth. The trial court directed a verdict on the enticement count but denied the motion for a directed verdict on the molestation count. Veasey argued that he was entitled to a directed verdict since both counts contained the same factual allegations and because the State failed to prove that he knew that the victim was under the age of 16. Following the jury's verdict, the court sentenced Veasey to first offender treatment. *Held*:

1. Veasey contends that the trial court erred by refusing to give his requested charge on mistake of fact under OCGA § 16-3-5. He claims that he was mistaken as to the age of the victim because the youth worked in the bar area of the resort, worked at least 40 hours per week, and had a Mustang vehicle.

Knowledge of the victim's age is not an element of the crime of child molestation, notwithstanding Veasey's claim to the contrary.

See *Tant v. State*, 158 Ga. App. 624-625 (2) (281 SE2d 357) (1981). Since a mistaken belief as to the victim's age would not have justified the act, a charge on mistake was not warranted. Id. *Smiley v. State*, 34 Ga. App. 513 (1) (130 SE 359) (1925).

2. Veasey contends that he was entitled to a directed verdict on the child molestation count because he obtained a directed verdict on the enticement count. We disagree.

Child molestation and enticement are distinct and separate offenses which are not included within each other as a matter of law. *Wittschen v. State*, 259 Ga. 448, 449 (2) (383 SE2d 885) (1989). OCGA § 16-6-5 (a) has an element of asportation not found in the offense of child molestation, OCGA § 16-6-4 (a). Id. Only where the same facts are used to prove both offenses, do the offenses merge. *Wells v. State*, 222 Ga. App. 587, 588-589 (3) (474 SE2d 764) (1996). See *Williams v. State*, 156 Ga. App. 481, 482 (1) (274 SE2d 826) (1980). Thus, notwithstanding Veasey's claim to the contrary, neither collateral estoppel nor res judicata nor double jeopardy apply in these circumstances. See *Jarrell v. State*, 234 Ga. 410, 412 (1) (a) (216 SE2d 258) (1975).

3. Veasey contends that the child molestation statute is unconstitutionally vague in that it does not sufficiently apprise a defendant as to which of his acts may be criminal. See *Smith v. State*, 178 Ga. App. 300, 303 (4) (342 SE2d 769) (1986) (transfer to the Supreme Court inappropriate when law is well-settled). This issue has already been resolved adversely to Veasey. In *McCord v. State*, 248 Ga. 765, 766 (285 SE2d 724) (1982), the Supreme Court of Georgia upheld the constitutionality of this statute, rejecting the same challenge asserted here.[1] The Supreme Court determined that the child molestation statute is neither impermissibly vague nor violative of due process. Id.

4. Veasey claims that the child molestation statute as applied to him is unconstitutional under both the federal and state constitutions because it authorizes conviction without a requirement that a defendant know that the alleged victim is under the age of 16. We disagree. See *Smith*, 178 Ga. App. at 303 (4).

The United States Supreme Court has long recognized that it is constitutionally permissible to enact criminal statutes which do not include an element of knowledge. *Lambert v. California*, 355 U. S. 225, 228 (78 SC 240, 2 LE2d 228) (1957). Veasey cites no authority and we know of none which supports his asserted due process violation under the Georgia constitution premised on the argument that

---

[1] At the time of its decision, the statute criminalized the same conduct but differed as to the age of the victim.

the State should have been required to prove that he knew the victim was under the age of 16. See *Phagan v. State*, 268 Ga. 272, 274 (1) (486 SE2d 876) (1997) (finding a compelling state interest in protecting children, the Supreme Court upheld the constitutionality of the child molestation statute as amended in 1995, which changed the age of the victim to 16).

The Due Process Clause does not inject a knowledge element into the definition of a crime but rather requires that the " ' "law give sufficient warning that men [and women] may conduct themselves as to avoid that which is forbidden." ' [Cits.]" *Kevinezz v. State*, 265 Ga. 78 (1) (454 SE2d 441) (1995). The statute at issue sufficiently warns of the conduct it forbids. *McCord*, 248 Ga. at 766.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 28, 1998 —
RECONSIDERATION DENIED OCTOBER 20, 1998 — 

*Banks, Stubbs & Neville, Rafe Banks III*, for appellant.
*Darrell E. Wilson, District Attorney, Lynn Akeley-Alderman, Christopher M. Quinn, Assistant District Attorneys*, for appellee.