## A99A1882. ALLEN v. THE STATE.

(533 SE2d 401)

PHIPPS, Judge.

Calvin Allen was convicted of child molestation and enticing a child for indecent purposes. Allen appeals, raising two enumerations of error. First, he asserts that the trial court erroneously instructed the jury that statements the victim made to him regarding her age were irrelevant. We find that in the context of the court's instruction, it was a correct statement of the law and did not mislead the jury. Second, he asserts that similar transaction evidence was erroneously admitted because the State did not announce a purpose for the evidence in its notice of intent to present such evidence. We find that Allen has failed to show that he was prejudiced by the State's failure to include a statement of purpose in its notice. For these reasons, we affirm Allen's convictions.

On December 13, 1997, the victim, V. S., went to the home of a friend, T. G., to get her hair done. V. S. was 14 years of age, and T. G. was 15. Allen, the 25-year-old boyfriend of T. G.'s mother, was at T. G.'s home while V. S. was there. After V. S. got her hair done, Allen took her and T. G. to visit friends and to a mall. Later, under the guise of giving V. S. a ride home, Allen drove her down a dirt road and attempted to have sexual intercourse with her.

1. After the jury retired for deliberations, it returned with a question about "what type of proof is required by the adult figure to satisfy his thoughts and the state law" to show that he believed in good faith that the complainant was not a child, i.e., that she was 16 years of age or older. The judge recessed the proceedings for the day to research the jury's question, and the next morning, he instructed them:

[A] [d]efendant's knowledge of the age of an alleged victim in the charges contained in this indictment is not an essential element of the crimes charged in this bill of indictment. And, therefore, it is not a defense that an accused reasonably believed that an alleged victim was not under the age of sixteen years. Our law does not prescribe any particular proof in regards to the question that you asked yesterday in a

matter such as this, because that matter is not relevant for the question or issues for you to decide in this case.

On appeal, Allen concedes that under Georgia law his mistaken belief regarding V. S.'s age was not a defense.[1] But he argues that any statements made by V. S. regarding her age were relevant to determining her actual age. And he argues that the judge misled the jury to believe that V. S.'s statements about her age had no relevance to any issues in the case.

These arguments are without merit. The clear focus of both the jury's question and the court's response was Allen's perception of V. S.'s age. Taken in context, " '[w]e do not believe that the charge as a whole would mislead a jury of average intelligence.' [Cit.]"[2]

2. Uniform Superior Court Rule 31.3 (B) provides general content requirements for notices of the prosecution's intent to present similar transaction evidence. It does not include a requirement that the notice state the purpose for which the evidence is sought to be admitted. However, " 'the notice of intent to introduce evidence of similar crimes should clearly specify the proper purpose for which' introduction of such evidence is sought. . . . (Cit.)' [Cit.]"[3] A statement of purpose advances two aims. First, it allows the defendant the opportunity to investigate the validity, relevancy, and other aspects of the prior offenses. Second, it assists the court in making the essential preliminary determination of whether the State is seeking to introduce the evidence for an appropriate purpose.[4] Reversible error does not automatically accrue from the absence of a purpose declaration in the notice, however.

The State presented evidence that on July 18, 1993, while Allen was supposed to be taking a woman home from a nightclub, he drove her out of the way to a dirt road and sexually assaulted her. Although no purpose for the evidence was declared in the notice to Allen, the prosecutor did say at the beginning of the Rule 31.3 (B) pretrial hearing that he was seeking to show a common bent of mind, motive, modus operandi, and lustful disposition. After hearing evidence of the prior offense and argument from counsel, the court found that evidence of the prior offense was admissible to show bent of mind,

---

[1] See *Veasey v. State*, 234 Ga. App. 795, 796-797 (4) (507 SE2d 799) (1998) (defendant's knowledge of complainant's age not an element for child molestation); OCGA § 16-6-5 (statute for enticing a child for indecent purposes does not contain a knowledge element); see also *Phagan v. State*, 268 Ga. 272, 278 (3) (c) (486 SE2d 876) (1997) (knowledge of the age of the victim not an essential element of statutory rape); *Brown v. State*, 233 Ga. App. 195 (504 SE2d 35) (1998) (because codification of contributing to the delinquency of a minor contains the word "knowingly," knowledge of the subject's age must be proven).

[2] *Leigh v. State*, 223 Ga. App. 726, 731 (3) (478 SE2d 905) (1996).

[3] *Rodriguez v. State*, 211 Ga. App. 256, 258 (4) (a) (439 SE2d 510) (1993).

[4] Id.; *Hawks v. State*, 223 Ga. App. 890, 891 (1) (479 SE2d 186) (1996).

course of conduct, and lustful predisposition.

Allen has never stated that he was surprised by the purposes articulated by the State. Upon hearing the purposes for which the evidence would be offered, he did not move for a continuance to investigate the validity, relevancy, or other aspects of admissibility of the prior offense. Although the State's notice should have specified the proper purpose for which introduction of the evidence was sought, Allen has failed to show that he was prejudiced by the State's failure to include a statement of purpose in its notice of intent to present similar transaction evidence.[5]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 15, 2000.

*Closson & Bass, J. Michael Bass*, for appellant.

*J. David Miller, District Attorney, Jennifer A. Thomas, Assistant District Attorney*, for appellee.

