A04A0030. SCHULTZ v. THE STATE.
(599 SE2d 247)

MILLER, Judge.

Forrest Emerson Schultz was charged with furnishing alcohol to minors, statutory rape, child molestation, and two counts of aggravated child molestation. The jury acquitted Schultz of statutory rape

and providing alcohol to minors, but found him guilty on the remaining counts. Following the denial of his motion for new trial, Schultz appeals, citing several enumerations of error. We discern no error and affirm.

Construed in favor of the verdict, the evidence showed that the fifteen-year-old victim and her friend met thirty-six-year-old Schultz and another man, and, a couple of days later, invited the two men to swim with them at a home where the victim was house-sitting. That same evening, Schultz and the victim kissed and then touched each other's genitals while in the pool. Schultz then removed the victim's bathing suit top and fondled her breasts and vagina. Schultz and the victim performed oral sex on each other, and Schultz attempted to place his penis into the victim's vagina, but stopped before penetration at the victim's request. The victim alleged that Schultz told her that he did not want to know her age. Schultz denied having oral sex with the victim, and denied attempting to have vaginal intercourse with her. He testified that he believed that the victim was college-aged.

During deliberations, the jury submitted a note to the court which stated: "We need to know if it makes a difference whether [the defendant] knew the age of [the victim] before any sexual act. If it makes a difference whether [the victim] kept it a secret (her age) and her deliberate cover up prevented [the defendant] from being able to determine her age." Outside of the presence of the jury, the trial court explained to both counsel that he planned to instruct the jury that the defendant's knowledge of the age of the victim is not an element of the crimes of statutory rape, child molestation, or aggravated child molestation. When asked by the court whether he had any objections to the instruction, Schultz's counsel responded that he did not. The court then instructed the jury as planned.

1. Schultz argues that the trial court erred in failing to give his requested instruction that the State must prove he had knowledge of the victim's age, and erred in recharging the jury that knowledge is not an essential element of the crimes of child molestation and aggravated child molestation. He contends that he could not have specific intent to commit the crimes without knowledge of the victim's age.

Under OCGA § 16-6-4 (a) "[a] person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." This Court has previously held that "[k]nowledge of the victim's age is not an element of the crime of child molestation." (Citation omitted.)*Veasey v. State*, 234 Ga. App. 795 (1) (507 SE2d 799) (1998); see also *Allen v. State*, 242 Ga. App. 367, 368 (1) (533

SE2d 401) (2000). We find no merit in Schultz's contention that this Court should overrule this precedent. The legislature has carefully worded the child molestation statute so that the defendant's knowledge of the age of the victim is not an element of the crime, just as it is not an element of the crime of statutory rape. See *Phagan v. State*, 268 Ga. 272, 278 (3) (c) (486 SE2d 876) (1997). The trial court properly refused to give Shultz's requested instruction. Also, the trial court did not err in its instruction to the jury that knowledge is not an element of the crimes of child molestation or aggravated child molestation, as such instruction was a correct statement of law.

2. Schultz argues that the trial court erred in failing to give his requested charge on mistake of fact. However, Schultz was not entitled to such charge. "Mistake of fact is a defense to a crime to the extent that the ignorance of some fact negates the existence of the mental state required to establish a material element of the crime." (Citation and punctuation omitted.) *Harden v. State*, 239 Ga. App. 700, 703 (5) (521 SE2d 829) (1999). As we held in Division 1, knowledge of the victim's age is not an element of the crime of child molestation or aggravated child molestation. "Since a mistaken belief as to the victim's age would not have justified the act, a charge on mistake was not warranted." (Citations omitted.) *Veasey*, supra, 234 Ga. App. at 796 (1).

Moreover, as Schultz denied that he and the victim performed oral sex on each other as alleged in Counts 4 and 5 (aggravated child molestation), he is not entitled to a charge on mistake of fact. "[Schultz] cannot deny committing an act, while at the same time argue he committed the act by mistake." (Citation and punctuation omitted.) *Harden*, supra, 239 Ga. App. at 703 (5).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 5, 2004 —

*Cook & Connelly, Bobby Lee Cook, Todd M. Johnson*, for appellant.

*Garry T. Moss, District Attorney, Allen D. Morris, Wallace W. Rogers, Jr., Martha K. Helppie, Assistant District Attorneys*, for appellee.