S08A1786. DAVIS v. FRAZIER.

(673 SE2d 215)

HUNSTEIN, Presiding Justice.

We granted Norman Davis's pro se application for a certificate of probable cause to appeal the denial of his petition for habeas corpus

and, finding that the habeas court erred in concluding that Davis's claims were procedurally barred, we reverse and remand with direction.[1]

A summary of the course Davis's case has taken to this point is necessary. Davis was represented by appointed counsel at his February 2000 trial and was convicted of child molestation, aggravated child molestation, and kidnapping. A series of six additional appointed attorneys represented Davis during the pursuit of his motion for new trial, which alleged, inter alia, ineffective assistance of trial counsel. After Davis's seventh appointed attorney withdrew, the trial court informed Davis that he would have to either retain counsel or represent himself. Davis proceeded pro se at a hearing on the motion for new trial in August 2004; the motion was subsequently denied. Continuing to act pro se, Davis appealed and the Court of Appeals affirmed in *Davis v. State*, 273 Ga. App. 397 (615 SE2d 203) (2005). After granting Davis's petition for certiorari, we reversed and directed that the appeal be dismissed, as Davis's notice of appeal had been filed four days late. *Davis v. State*, 280 Ga. 352 (628 SE2d 374) (2006); see *Davis v. State*, 279 Ga. App. 434 (631 SE2d 719) (2006) (dismissing appeal). Davis filed a petition for habeas corpus in June 2006, and a hearing was held in February 2007.[2] At the hearing, Davis testified that his pro se notice of appeal was late because he was under the impression that the trial court was going to appoint appellate counsel; when the deadline was near and no appointment had been made, he drafted the notice of appeal and submitted it to the prison mail system, but it was not handled in a timely manner. The habeas court found that Davis's claims were procedurally barred because they had not been raised on direct appeal, and that Davis failed to establish the cause and actual prejudice necessary to excuse the default. See *Turpin v. Todd*, 268 Ga. 820 (2) (493 SE2d 900) (1997). The court went on to state that Davis was responsible for his lack of appellate representation due to his serial dismissal of counsel. This appeal ensued.

The transcript of the 2004 hearing on Davis's motion for new trial indicates that at the close of the hearing the trial court advised Davis that, if the motion was denied, appellate counsel would be appointed for him at the time the order was issued. This point was

---

[1] Although we directed the parties to address whether the habeas court erred in its determination that Davis's repeated changes of appointed counsel constituted a dilatory tactic that was the "functional equivalent of a knowing and voluntary waiver of appointed counsel," see *Bryant v. State*, 268 Ga. 616, 617 (2) (491 SE2d 320) (1997); *Hobson v. State*, 266 Ga. 638 (2) (469 SE2d 188) (1996), we do not reach that issue for the reasons discussed herein.

[2] According to the transcript of the habeas hearing, Davis did not file a motion for out-of-time appeal or seek any form of relief other than this habeas petition following the dismissal of his appeal.

18

reiterated several times.[3] In the order denying the motion, the trial court stated that "[Davis] shall have thirty (30) days from the date of the filing of this order to appeal, and the Court *upon proper request* shall appoint appellate counsel to represent [Davis] in the complete appeals process." (Emphasis supplied.) Appellate counsel was not appointed.

At the 2007 hearing on Davis's habeas petition, the court noted that Davis had not requested the appointment of appellate counsel before proceeding to the Court of Appeals pro se. However,

> [i]t is beyond question that an indigent has the right to appointed counsel to assist him on direct appeal; and an individual desiring an appeal need not, once a responsible state authority knows of the desire to appeal and knows of the status of indigency, specifically request appointment of appellate counsel.

(Citations and punctuation omitted.) *Roberts v. Caldwell*, 230 Ga. 223, 224 (196 SE2d 444) (1973). Here, the transcript of the hearing on the motion for new trial makes clear that the trial court was aware of Davis's indigent status and his desire to appeal should the court rule against him. Thus, the language of the 2004 order indicating that Davis was required to request the appointment of appellate counsel was without effect.

Davis was entitled to have counsel appointed when he appealed the denial of his motion for new trial. He was advised by the trial court that, despite his serial dismissal of appointed counsel while pursuing that motion, such an appointment would be made. This did not occur, due to a failure on the part of the trial court rather than any reason attributable to Davis's previous dismissals of counsel. Davis's testimony at the habeas hearing established that the lack of appointed counsel was the cause of the late filing of his notice of appeal.[4] The late filing led to the dismissal of the appeal, which was

---

[3] THE COURT: And at that time [upon issuance of an order on the motion for new trial if the ruling is against Davis], I'm going to appoint you an Appellate attorney. . . . I wasn't going to appoint one for this Hearing. But I think that the law tells me that I will appoint you one to appeal your case. And I will do that at the time that I make my Order, if I rule against you. . . .

THE COURT: And as I say, if it's against you, I'm going to appoint you an Appellate lawyer; although, I don't know where I'm going to get one, but that will be my problem. . . .

THE COURT: If it's against you and I appoint a lawyer, then I'm going to tell that lawyer that he immediately should talk with you and an appeal should be filed.

[4] Although Davis also attributed the late filing to mailing delays, he would not have needed to file pro se, thereby submitting the notice of appeal to the vagaries of the prison mail system, if appellate counsel had been appointed as required.

most certainly prejudicial. Because Davis established the cause and actual prejudice necessary to excuse his failure to raise on appeal the claims in his habeas petition, the habeas court erred in finding them procedurally barred. Accordingly, the judgment of the habeas court is reversed, and the case is remanded with direction to the habeas court to enter an order directing the trial court to provide

> for the appointment of counsel to determine if there is any justifiable ground for an appeal from the original convictions, and if such determination is in the affirmative, then an [out-of-time] appeal may be filed [in the trial court] and prosecuted with benefit of counsel even at this late date.

*Roberts v. Caldwell*, supra, 230 Ga. at 224.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED FEBRUARY 9, 2009.

Norman Davis, *pro se.*

*Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.

*Sarah L. Gerwig-Moore*, amicus curiae.