## A10A0457. DISABATO v. THE STATE.

(692 SE2d 701)

MIKELL, Judge.

George Brian Disabato appeals from the denial of his motion for new trial following his convictions of aggravated sexual battery, aggravated child molestation, and child molestation, challenging the sufficiency of the evidence of the battery conviction and contending that the trial court erred in its charges to the jury. We affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] In addition, we determine only the legal sufficiency of the evidence adduced at trial and do not weigh the evidence or assess the credibility of the witnesses.[2] The relevant question is whether, after viewing the evidence in its proper light, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3] Finally, "[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld."[4]

So viewed, the facts relevant to this appeal show that the victim, A. S., was 12 years old when the crimes occurred and 15 years old at

---

[1] *Cline v. State*, 300 Ga. App. 615, 622 (4) (685 SE2d 501) (2009).

[2] Id.

[3] Id., citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

the time of trial. A. S. testified that she grew up visiting a man named Wilbur M. Caldwell, who was a close friend of her parents. Apparently, A. S.'s parents were divorced, as she testified that she lived at one time with her mother and stepfather in Lawrenceville. Then A. S.'s stepfather committed suicide, and she and her mother moved to Forsyth County. Caldwell, whom A. S. called "Uncle Mac," picked her up every Friday, and she stayed at his house every weekend. Caldwell asked A. S. to model, and he began taking pictures of her in the basement of his house. A. S. understood that Caldwell would put these pictures on a website and that she would be paid for them. At first, Caldwell photographed only her face, but then he began to pose her in see-through lingerie and bathing suits. Caldwell also gave A. S. adult sex toys and told her to "try them out."

A. S. testified that one day, Caldwell told her that a "professional sex person" named "George" was coming over and that she should bring him inside through the basement door. The man was Disabato. When he arrived, he and A. S. both undressed. A. S. testified that she lay on the couch, that Disabato started kissing her, and that he inserted a sex toy and his fingers into her vagina. A. S. testified that she told Disabato that she was 18 years old, although she was only 12. Disabato came back a second time with a friend, Ronald Bibb. On this occasion, Disabato licked A. S.'s vagina and then engaged in sexual activities with Bibb.

Disabato testified that he observed sexually explicit pictures of A. S. on a website for gay and bisexual men called "squirt.org"; that she was called "Callie" on her profile, which listed her age as 19; that her profile stated that she liked oral sex; that Disabato exchanged instant messages with A. S.; that she gave him her telephone number and address, and he made a date with her; that when he arrived for their date, she told him that she was a senior in high school; that they attempted sexual intercourse but Disabato could not achieve an erection; and that he was embarrassed, so he left. Disabato denied inserting either his finger or a sex toy into A. S.'s vagina. Disabato further testified that A. S. subsequently posted a new ad on the internet which stated that she wanted to "do a twosome"; that he replied to the ad and brought Bibb to her house; and that Disabato performed oral sex on A. S. and engaged in oral sex with Bibb.

Bibb and another witness testified that A. S.'s computer profile stated her age as 18.

1. Disabato first challenges his conviction of two counts of aggravated sexual battery. A person commits this offense when he "intentionally penetrates with a foreign object the sexual organ . . .

of another person without the consent of that person."[5] The indictment averred in two counts that Disabato committed this offense by intentionally penetrating A. S.'s sexual organ with his finger and with a sex toy without her consent. Disabato argues that the state was required to prove that A. S. did not consent to the penetration of her vagina in order to convict him on these counts. We disagree. "The age of consent in Georgia is 16. In other words, generally speaking, it is a crime to have physical sexual contact with a person 15 years of age or younger."[6] As the evidence showed that A. S. was under the age of 16 when the aggravated sexual battery occurred, the state was not required to show that she had not consented thereto.[7]

2. Disabato next contends that the trial court erred in giving the state's requested charge that "[k]nowledge of the age of the victim is not a legal element of a child molestation charge." The instruction was taken from *Haywood v. State*.[8] The state requested the charge because Disabato's counsel elicited testimony throughout the trial that A. S. had identified herself as 18 years old. "A requested [jury] charge must be legal, apt and precisely adjusted to some principle involved in the case and be authorized by the evidence."[9] "A requested charge should be delivered if it is a correct statement of law that is pertinent and material to an issue in the case and not substantially covered by the charge actually given."[10] The charge given by the court was correct, apt, applicable, authorized by the evidence, and not otherwise covered by the court's instructions. There was no error.

3. Finally, Disabato asserts that the trial court erred in refusing to give his requested charge on mistake of fact.[11] Disabato concedes, as he did at trial, that mistake of fact is not a defense to the crimes of aggravated child molestation and child molestation.[12] He argues on appeal, however, that he was entitled to a charge on mistake of fact

[5] OCGA § 16-6-22.2 (b).

[6] (Footnote omitted.) *Chase v. State*, 285 Ga. 693, 696 (2) (681 SE2d 116) (2009). Accord *Ellison v. State*, 296 Ga. App. 752, 758 (4) (675 SE2d 613) (2009) (consent is not a defense to crimes involving sexual acts committed against minors; conviction of aggravated sexual battery and child molestation affirmed).

[7] *Carson v. State*, 259 Ga. App. 21, 22 (1) (576 SE2d 12) (2002).

[8] 283 Ga. App. 568, 569 (642 SE2d 203) (2007) ("knowledge of the victim's age is not an element of the crime of child molestation") (citation and punctuation omitted).

[9] (Punctuation, footnote and emphasis omitted.) *Lane v. State*, 268 Ga. 678, 680 (2) (492 SE2d 230) (1997).

[10] (Punctuation omitted.) *Woodard v. State*, 278 Ga. 827, 830 (4) (607 SE2d 592) (2005), citing *Pruitt v. State*, 258 Ga. 583, 588 (13) (373 SE2d 192) (1988).

[11] See OCGA § 16-3-5 ("[a] person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission").

[12] See *Schultz v. State*, 267 Ga. App. 240, 242 (2) (599 SE2d 247) (2004).

with respect to the sexual battery charges because he testified that he believed that A. S. was 19 when he performed oral sex on her. That act, however, constituted the offense of aggravated child molestation as charged in the indictment. Disabato denied committing the acts for which he was charged with aggravated sexual battery, i.e., penetrating A. S.'s vagina with his finger and with a sex toy. "[Disabato] cannot deny committing an act, while at the same time argue he committed the act by mistake."[13] Accordingly, the trial court did not err in refusing to give an instruction on mistake of fact.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MARCH 23, 2010 — 

*Sharon L. Hopkins*, for appellant.

*Daniel J. Porter, District Attorney, Lisa A. Jones, Assistant District Attorney*, for appellee.

---

[13] (Citation and punctuation omitted.) Id.