**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**September 5, 2014**

# In the Court of Appeals of Georgia

A14A0927. DAVIS v. THE STATE.

McFADDEN, Judge.

Norman Davis appeals his convictions of child molestation, aggravated child molestation, and kidnaping. Davis argues that trial counsel was ineffective for stipulating to the admissibility of his custodial statement and for asserting a legally invalid mistake-of-fact defense to the child molestation charges. In light of the evidence that Davis initiated the communication with the investigator and gave his custodial statement after knowingly waiving his right to counsel, we find that Davis has failed to demonstrate that he received ineffective assistance of trial counsel. We therefore affirm his convictions.

Davis was represented by appointed counsel at his February 2000 trial and was convicted of child molestation, aggravated child molestation, and kidnaping. *Davis*

*v. Frazier*, 285 Ga. 16, 17 (673 SE2d 215) (2009). Davis was granted the right to file an out-of-time notice of appeal, and post-conviction counsel timely filed a notice of appeal, asserting two claims of ineffective assistance of trial counsel.

To prevail on his claims of ineffective assistance of counsel, Davis was required to show both deficient performance by trial counsel and actual prejudice. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). If Davis "fails to meet his burden of proving either prong, then we do not need to examine the other prong." *Works v. State*, 301 Ga. App. 108, 114 (7) (686 SE2d 863) (2009) (citation omitted). "We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003) (citation and punctuation omitted). Our review of counsel's performance is highly deferential. *Humphrey v. Walker*, 294 Ga. 855, 859-860 (II) (A) (757 SE2d 68) (2014) (citations and punctuation omitted). The law recognizes a strong presumption that counsel performed reasonably,

> and [Davis] bore the burden of overcoming this presumption. To carry
> his burden, [Davis] had to show that no reasonable lawyer would have

2

done what his lawyers did, or would have failed to do what his lawyers did not, or put another way, that his lawyers made errors so serious that they were not functioning as the counsel guaranteed the defendant by the Sixth Amendment. And to carry that burden, [Davis] had to show these things by competent evidence, for a silent or ambiguous record is not sufficient to overcome the presumption.

Id. (citations and punctuation omitted).

1. *Counsel was not ineffective for stipulating to the admissibility of Davis's custodial statement.*

Davis argues that trial counsel was ineffective for stipulating to the admissibility of his custodial statement to police in which he admitted having sex with the victim, but claimed that she told him she was 18 or 19. Davis argues that the statement was inadmissible since law enforcement obtained the statement after Davis had requested counsel in violation of his federal and state constitutional rights.

Although it is not clear on this record, we will assume for purposes of appeal that Davis invoked his right to counsel. But see *Humphrey v. Walker*, supra, 294 Ga. at 859-860 (II) (A) (defendant must show ineffective assistance of counsel by competent, unambiguous evidence); *State v. Hatcher*, 264 Ga. 556 (448 SE2d 698) (1994) (defendant's completion of form seeking the appointment of county-funded

3

counsel was a "housekeeping matter" that did not invoke the Fifth Amendment right to counsel so as to prohibit an interrogation).Nonetheless, "even assuming that [Davis] had invoked his right to counsel prior to the . . . interview, an accused may waive the previously-invoked right to counsel by initiating further communication with the police." *Dixon v. State*, 294 Ga. 40, 42 (1) (751 SE2d 69) (2013) (citation and punctuation omitted). To avoid a violation of a defendant's Fifth Amendment right to counsel, "authorities may not interrogate a suspect who has requested an attorney, unless counsel is made available to the accused *or* the accused initiates further communication with the police." *Haynes v. State*, 269 Ga. 181, 183 (4) (496 SE2d 721) (1998) (citation omitted; emphasis in original). And a defendant can waive his Sixth Amendment right to counsel, even during questioning initiated by an interrogator. See *Stinski v. State*, 286 Ga. 839, 856 (61) n. 5 (691 SE2d 854) (2010).

The record shows that Davis initiated the communication in which he gave his custodial statement by telling jail staff that he wanted to speak with the investigator. The investigator gave Davis a waiver of rights form to sign and read it to Davis, asking him if he understood each right, including the right to remain silent, the right to have counsel present during questioning, and the right to stop the interview at any

time. Davis signed the form and then he made the incriminating statements. Davis does not contend that he requested counsel during this interview.

"When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." *Arellano-Campos v. State*, 307 Ga. App. 561, 566 (2) (a) (705 SE2d 323) (2011) (citation and punctuation omitted). Here such a showing is precluded by the evidence that Davis initiated the communication with the investigator and gave his statement after knowingly waiving his right to counsel. See *Lawson v. State*, 275 Ga. App. 334, 337 (2) (620 SE2d 600) (2005). See also *Hall v. Brannan*, 284 Ga. 716, 724 (II) (C) (670 SE2d 87) (2008) (trial counsel was not ineffective for stipulating to the admissiblity of evidence that was, in fact, admissible); *Arellano-Campos v. State*, 307 Ga. App. at 569 (2) (a) (defendant reinitiated discussions with the police after requesting counsel, so his statement was admissible, defendant failed to show statement would have been suppressed, and counsel was not ineffective for stipulating to its admissibility). See also *Rios v. State*, 281 Ga. 181, 182-183 (3) (637 SE2d 20) (2006) (because defendant voluntarily reinitiated discussions with law

5

enforcement, his statements were properly admitted into evidence, and counsel was not ineffective for failing to appeal the denial of his motion to suppress them).

2. *Counsel was not ineffective for presenting a mistake-of-fact defense.*

Davis argues that counsel was ineffective for presenting the legally invalid defense that Davis thought the victim was old enough to consent. See *Schultz v. State*, 267 Ga. App. 240, 241-242 (1) (599 SE2d 247) (2004) (knowledge of the victim's age is not an element of the crime of child molestation). We disagree.

In his statement, Davis admitted having sex with the victim, but claimed that she told him she was 18 or 19. At a motion for new trial hearing, trial counsel explained that although a defendant's knowledge of the victim's age is not an element of the crime, "it was our hopes that twelve Decatur County jurors would – would believe that he didn't know and despite the charges, the court would find him not guilty." He explained that although mistake of fact was not a valid defense, "it was all we had."

Given that counsel had to combat Davis's statement admitting having sex with the victim, Davis has failed to show that this was an unreasonable strategy. See *Lambert v. State*, 287 Ga. 774, 776 (2) (700 SE2d 354) (2010) (despite presenting legally invalid coercion defense to murder charge, trial counsel was not ineffective

6

where she "was constrained by [the defendant's] admissions to police that he had committed the fatal beating")."The fact that present counsel might have pursued a different strategic course does not render [counsel's] strategy unreasonable." *Woods v. State*, 291 Ga. 804, 808 (2) (733 SE2d 730) (2012) (citation omitted).

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*