**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY and SELF, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**December 12, 2017**

# In the Court of Appeals of Georgia

A17A2020. WEST v. THE STATE.

RAY, Judge.

Keddron Rakee West was indicted on two counts each of child molestation and statutory rape. The State filed a motion in limine seeking to prohibit any testimony or evidence regarding West's belief that the victim was over the age of consent. After oral argument, the trial court granted the State's motion in limine . The trial court then granted West's certificate of immediate review, and this Court granted West's application for interlocutory appeal from this order. For the following reasons, we affirm.

> A motion in limine is a pretrial method of determining the admissibility of evidence. By its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under

scrutiny is likely to be admissible at trial. In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. A trial court's ruling on a motion in limine is reviewed for abuse of discretion.

(Citation and punctuation omitted.) *Forsyth County v. Martin*, 279 Ga. 215, 221 (3) (610 SE2d 512) (2005).

In its motion in limine, the State indicated that West was read his Miranda rights and then consented to undergo a recorded interview by Investigator Wayne Luke and Investigator Walter Kegley on September 14, 2015. During this recorded interview, West admitted to having sex with the victim on multiple occasions. However, he claimed that he thought she was 17 years old at the time of the acts, but learned later that the victim was only 15 years old. In its motion, the State sought to prohibit West from eliciting any testimony or presenting any evidence about West's beliefs regarding the victim's age at the time of the sexual acts. Citing to *Haywood v. State*, 283 Ga. App. 568 (642 SE2d 203) (2007), the State argued that even if West believed the victim was 17 years old, his belief would not be a possible defense at trial and would only confuse the jury as to the elements of the charged offenses. The trial court granted the motion.

2

OCGA § 16-6-3 (a) provides that "[a] person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse[.]" And, "[w]ith regard to statutory rape, the defendant's knowledge of the age of the female is not an essential element of the crime[,] and therefore it is no defense that the accused reasonably believed that the prosecutrix was of the age of consent." (Punctuation omitted.) *Haywood*, supra at 568, citing *Tant v. State*, 158 Ga. App. 624, 624-625 (2) (281 SE2d 357) (1981).

OCGA § 16-6-4 (a) (1) provides that "[a] person commits the offense of child molestation when such person: . . . Does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]" The defendant's knowledge of the age of the victim is not an essential element of the crime of child molestation. See *Schultz v. State*, 267 Ga. App. 240, 241 (1) (599 SE2d 247) (2004). Accord *Disabato v. State*, 303 Ga. App. 68, 70 (2) (692 SE2d 701) (2010).

In *Haywood*, supra, this Court found that the trial court did not abuse its discretion in granting the State's motion in limine seeking to exclude evidence of the defendant's knowledge of the victim in a case where defendant was convicted of child molestation and statutory rape. The *Haywood* Court reasoned that knowledge of the

3

victim's age is not an element of either statutory rape or child molestation and, thus, was not relevant information in the trial. See also *Schultz,* supra at 241 (1)-(2) (defendant was not entitled to a jury instruction as to mistake of fact in a child molestation prosecution because knowledge of the victim's age is not an element of the crime of child molestation). The *Haywood* Court went on to conclude that evidence regarding the victim's contradictory statements about her age would not be admissible even for impeachment purposes. Id. at 568-569.

On appeal, West argues that *Haywood*, supra, is no longer binding because Georgia case law subsequent to *Haywood* has allowed evidence of a defendant's belief regarding the victim's age to be introduced in similar cases. West cites to *Davis v. State*, 329 Ga. App. 17 (763 SE2d 371) (2014) and *Castaneira v. State*, 321 Ga. App. 418 (740 SE2d 400) (2013) for this assertion. However, to the extent these cases conflict with the holding in *Haywood*, supra, they do so only in dicta. They have not altered the clear-cut rule set forth by this Court in *Haywood,* supra.

In *Davis*, supra at 20 (2), this Court held that a defendant's trial counsel did not render ineffective assistance by presenting the legally invalid mistake-of-fact defense that the defendant thought the victim was the age of consent when they engaged in sexual activity. The *Davis* Court held that, although the defendant's knowledge of the

victim's age is not an element of child molestation, the defense counsel's attempt to sway the jurors by presenting evidence that the defendant believed the victim was old enough to consent did not constitute an unreasonable trial strategy and, thus, did not rise to the level of ineffective assistance. Id. Although the trial court in *Davis*, supra, allowed the defendant to make a statement that he thought the victim was over the age of consent, there is no indication that the State lodged an objection or filed a motion in limine to prohibit such evidence. Further, this Court was not asked on appeal to determine the propriety of the admission of such evidence. Accordingly, this Court's holding in *Davis,* supra, does not conflict with *Haywood,* supra.

Similarly, *Castaneira*, supra, does not directly conflict with *Haywood*, supra. In *Castaneira*, this Court found that a jury instruction on a mistake-of-fact defense was not warranted in an attempted child molestation case where a victim told a defendant that she was underage. Id. at 422-423 (1). Thus, this Court held that any mistake-of-fact by the defendant was a result of his own fault or negligence and, accordingly, that a jury instruction on mistake-of-fact was not warranted. Id. Although this Court seemed to indicate, in non-binding dicta, that even if an instruction on the mistake-of-fact defense was warranted due to the defendant's belief regarding the victim's age, there was no reversible error because the trial court's jury

5

instructions provided adequate instruction on the elements intent and knowledge. Id. at 423 (1). However, the *Castaneira* Court's discussion was dicta and does not overrule our explicit holding in *Haywood*, supra. See *Zepp v. Brannen*, 283 Ga. 395, 397 (658 SE2d 567) (2008) ("declin[ing] to give force to the dicta in [another case] because it was not necessary to resolve the issue before the Court") (citation omitted).[1]

Because *Haywood* is controlling, we conclude that the trial court did not err in granting the State's motion in limine to exclude evidence and testimony regarding West's belief of the victim's age at the time of the sexual act. To the extent that West argues that the statute as written is unconstitutional, such issue is not within the jurisdiction of this Court. See *Gearin v. State*, 269 Ga. App. 187, 189 (3) (603 SE2d 709) (2004) ("[O]ur Supreme Court has exclusive jurisdiction over all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question") (citation, punctuation, and footnote omitted).

---

[1] Also, importantly, under the rules of the Court of Appeals of Georgia, to reverse precedent of the Court would have required a vote of the entire bench or all members of the Court of Appeals. No such consideration of this issue by the entire bench occurred in either *Davis* or *Castaneira*.

2. During a recorded interrogation by investigators, West made statements that the victim told him that she was almost 18 years old and he would not have had sex with her if he had known that she was younger. West argues that the trial court erred by allowing the State to introduce this recorded interrogation into evidence with these statements redacted out. We disagree.

West bases his contention on OCGA § 24-8-822 which provides: "[w]hen an admission is given in evidence by one party, it shall be the right of the other party to have the whole admission and all the conversation connected therewith admitted into evidence." "This 'rule of completeness' is a universal rule, applicable in both civil and criminal cases, that, if part of a conversation is introduced, all that is said in the same conversation which is relevant to the issues should be admitted." (Citation, punctuation, and footnote omitted.) *Allaben v. State*, 299 Ga. 253, 255 (2) (787 SE2d 711) (2016). The rule of completeness "prevents parties from misleading the jury by presenting portions of statements out of context, but it does not make admissible parts of a statement that are irrelevant to the parts of the statement introduced into evidence by the opposing party." (Citation and punctuation omitted.) *Jackson v. State*, 301 Ga. 866, 869 (3) (804 SE2d 367) (2017). See also *United States v. Simms*, 385 F.3d 1347, 1359 (III) (E) (11th Cir. 2004) (Rule of Completeness "permits introduction only of

7

additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced") (citation and punctuation omitted).

As noted in Division 1, West's belief as to the victim's age is not relevant because it is not an essential element of either statutory rape or child molestation, and because mistake of fact regarding the victim's age is not a defense to either crime. OCGA § 24-8-822 "does not require irrelevant material to be admitted into evidence." *Roberts v. State*, 232 Ga. App. 745, 747 (7) (503 SE2d 614) (1998) (decided under former OCGA § 24-3-38)(trial court did not err by admitting taped interview of child molestation victim that had been redacted in order to exclude mention of her past sexual history).

Further, as noted in Division 1, any statement the victim may have given regarding her age is not admissible for impeachment purposes. This Court has emphasized that "impeachment must concern relevant issues. A witness may not be impeached by contradictory statements made by him as to immaterial matters." (Citation and punctuation omitted.) *Haywood v. State*, 283 Ga. App. 568, 569 (642 SE2d 203) (2007) (defendant could not impeach victim of statutory rape and child molestation using the contradictory statements she made about her age; the victim's actual age was not contested at trial and defendant's knowledge of the victims age

8

was not relevant to the case). The victim's age in the instant case was not contested at trial, and West's knowledge of her age is not relevant to the case. Accordingly, any statements she made regarding her age are not relevant issues. The trial court did not err.

*Judgment affirmed. Dillard, C. J., and Self, J., concur.*